UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

HELENA BOULDING
    Plaintiff,

-vs.-                                  **DEMAND FOR JURY TRIAL**

PORTFOLIO RECOVERY ASSOCIATES
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Helena Boulding through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C.
2. §§1331,1337.
3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County, MI.
5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. On December 23, 2010, Defendant first called Plaintiff on her home phone in connection with the collection of two consumer type debts. One is for a Capital One debt in the amount of about $1,200 and the other is for a First Premier Bank in the amount of about $400.

7. On December 23, 2010, Plaintiff asked Defendant to stop calling her.

8. Since then, Defendant has called Plaintiff about 15 times.

9. On December 23, 2010, Plaintiff provided Plaintiff with her new address and a few times more after that.

10. To date, she still has not received anything in writing from the defendant including a validation notice.

11. Plaintiff sent a cease and desist letter to Defendant by certified mail which it received on February 4, 2011.

12. Somewhere between February 4, 2011 and February 8, 2011, the Defendant called the Plaintiff demanding payment.

13. On February 8, 2011 at 8:32 a.m., Defendant called the Plaintiff again, demanding payment.

14. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

20. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

23. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

25. Plaintiff has suffered damages as a result of these violations of the MCPA.

26. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted.

| | |
|---|---|
| February 15, 2011 | /s/ Gary Nitzkin |
| | GARY D. NITZKIN (P 41155) |
| | NITZKIN & ASSOCIATES |
| | Attorneys for Plaintiff |
| | 22142 West Nine Mile Road |
| | Southfield, MI 48034 |
| | (248) 353-2882 |
| | Fax (248) 353-2882 |
| | Email - gnitzkin@creditor-law.com |